UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 25-22635-CIV-ALTONAGA/Reid**

**UBER TECHNOLOGIES, INC.**,

    Plaintiff,

v.

**LAW GROUP OF SOUTH FLORIDA, LLC**, *et al.*,

    Defendants.

_____/

**<u>ORDER ADMINISTRATIVELY CLOSING CASE</u>**

**THIS CAUSE** came before the Court *sua sponte*. On June 11, 2025, Plaintiff, Uber Technologies, Inc. initiated this action, alleging a wide-ranging scheme of fraudulent activity targeting Uber's passengers and insurance processes, including staged accidents, fraudulent medical treatments, and coordinated efforts to generate phony personal injury claims. (*See generally* Compl. [ECF No. 1]). Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with related state-law claims. (*See id.* ¶¶ 179–312).

Months earlier, on January 30, 2025, Plaintiff filed a related action in the United States District Court for the Eastern District of New York — *Uber Technologies, Inc. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP* ("*WRSMH*"), No. 25-cv-522 (E.D.N.Y. 2025). The *WRSMH* case, like this one, centers on a similar alleged scheme to defraud Uber and its insurers, involving exaggerated or fabricated medical claims, questionable treatments, and orchestrated litigation tactics designed to inflate settlements and costs. (*See generally id.*, No. 25-cv-522, Compl. [ECF No. 1], filed on Jan. 30, 2025). Both cases are built on detailed allegations of interconnected actors and enterprises designed to exploit Uber's business and its passengers.

CASE NO. 25-22635-CIV-ALTONAGA/Reid

The *WRSMH* action is currently at the motion-to-dismiss stage. The court there has set a briefing schedule: defendants' motions to dismiss are due by June 23, 2025; oppositions by July 23, 2025; and replies by August 6, 2025. (*See id.*, No. 25-cv-522, Paperless Order, filed May 5, 2025). Given the substantial overlap between these two cases — including shared allegations of fraud, RICO predicate acts, and coordinated conduct (albeit with different defendants and local details) — the Court finds that a temporary stay is appropriate. Such a stay will conserve judicial resources, promote consistent rulings, and avoid duplication of effort while the related action proceeds through the dispositive motion-to-dismiss stage; a ruling there may help inform what issues Defendants can and should raise in response to the Complaint here. *See DeCaires v. Fin. Recovery Servs. of Minn., Inc.*, No. 21-cv-1785, 2022 WL 451479, at *1 (M.D. Fla. Jan. 7, 2022) ("A district court has 'broad discretion to stay proceedings,' and a stay may be justified 'pending the resolution of a related case in another court.'" (quoting *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000))).

Accordingly, it is **ORDERED** as follows:

1. The case is **STAYED** pending resolution of the forthcoming motions to dismiss in *Uber Technologies, Inc. v. Wingate, Russotti, Shapiro, Moses & Halperin, LLP*, No. 25-cv-522 (E.D.N.Y. 2025).

2. The parties shall provide the Court with status updates regarding the related action **every 30 days** beginning from the date of this Order.

3. Plaintiff's deadline to serve Defendants with the Complaint shall not be extended.

4. The case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time; any such motion must be accompanied by a proposed joint scheduling

CASE NO. 25-22635-CIV-ALTONAGA/Reid

report.

**DONE AND ORDERED** in Miami, Florida, this 11th day of June, 2025.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record